PIERCE, Chief Judge.
Appellant Floyd Morgan was indicted for first degree murder in the Hillsborough County Circuit Court on June 9, 1970, and on March 8, 1971, he entered plea of nolo contendere to the indictment. The following day, March 9, 1971, he was found and adjudged guilty by the trial Judge of second degree murder and sentenced to serve a term of thirty years imprisonment. On March 30, 1971, he filed notice of direct appeal to this Court from the judgment and sentence.
Upon an adjudication of indigency, the trial Court appointed the local Public Defender’s office to represent Morgan on this appeal, and in their brief filed here on behalf of Morgan they state, after reciting the substance of the foregoing facts, culminating in the nolo contendere plea which the Court accepted, that—
“ . . .a lengthy proceeding of two days time was had, in which the court examined all the evidence in the case to determine the degree of murder. The trial court adjudged Appellant to be guilty of murder in the second degree. Prior to sentencing him, the court examined Appellant extensively as to whether or not he was fully aware of what he was doing, and knew the nature of the crime and the offense. The court further examined him as to whether or not he was satisfied with the way he had been represented. All of these questions were answered in the affirmative by Appellant. Attorney for Appellant has carefully examined this record on appeal, and feels that in light of Appellant’s plea of nolo contendere, plus the result of the court finding him guilty of second degree murder, that there is nothing in this record which would arguably support an appeal.”
The Court-appointed attorney for Morgan thereupon moved to be relieved as his attorney of record, citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
Thereafter, on September 3, 1971, by order of this Court, appellant Morgan was allowed thirty days within which to file “an additional brief calling the Court’s attention to any matters which he feels should be considered in connection with the appeal in this cause”. Pursuant to said order, there has been nothing filed here by or on behalf of Morgan.
We have nevertheless carefully examined and considered the record and briefs on file *6 here to find if any error has infected the judgment appealed or the proceedings leading up to said judgment. Nothing is revealed to show any error in the proceedings or that Morgan was accorded anything other than a fair and impartial trial free from any taint of error.
This being so, the judgment and sentence appealed from is thereupon—
Affirmed.
LILES and McNULTY, JJ., concur.